NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2731
_____

JOSEPH TIMONEY, JR.,

Appellant

v.

WILLIAM LOUGHERY;
JENNIFER LOUGHERY,
a/k/a Jennifer Howard;
STEPHEN M. HOWARD, Esquire;
UPPER GWYNEDD TOWNSHIP,
d/b/a Upper Gwynedd Township Police Department;
EDWARD TARTAR, Individually and in his official capacity
as officer in the Upper Gwynedd Township Police Department;
JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-04774)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 31, 2016

Before: HARDIMAN and SCIRICA, *Circuit Judges*,
and ROSENTHAL,[*] *District Judge*.

_____

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern
District of Texas, sitting by designation.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Joseph Timoney, Jr. appeals the District Court's orders dismissing his amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and denying his motion for reconsideration. We will affirm.

I

Although Timoney sued several parties, his appeal is confined to the dismissal of the municipal Defendants: Upper Gwynedd Township and Officer Edward Tartar. The case arises out of a sheriff's sale of Timoney's property at 200 Spruce Circle, North Wales, Pennsylvania. Timoney alleged that he had no knowledge of the sale, which precipitated a confrontation at the property between Timoney and the buyers. That confrontation, in turn, provoked a call to the Upper Gwynedd Township Police and Officer Tartar was one of the responding officers.

II

Timoney argues on appeal that the District Court imposed a heightened plausibility pleading standard for his § 1983 claims against the municipal Defendants.

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This argument fails, largely because Timoney's amended complaint is a prime example of the inadequate pleading subject to dismissal under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A

We need not tarry with Timoney's § 1983 claims against Upper Gwynedd. Though Timoney alleges that municipal "Defendants had a policy to enforce unlawful evictions without notice under color [of] State law," App. Vol. II, 5, this allegation recites nothing more than the elements of a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). As the District Court correctly observed, the allegation is a classic "[t]hreadbare recital[] of the elements of a cause of action" that is not sufficient to state a plausible claim for relief. *Timoney v. Loughery*, 2014 WL 7236029, at *4 (E.D. Pa. Dec. 19, 2014) (quoting *Iqbal*, 556 U.S. at 678). Without more, Timoney failed to state a claim against Upper Gwynedd.

B

Next we consider claims that Officer Tartar violated Timoney's Fourth and Fourteenth Amendment rights. As noted, Officer Tartar was called to the scene of the altercation between Timoney and the buyers of his property. Timoney alleged that Officer Tartar escorted him into his home for "10 minutes only for him to recover his property," and that the officers "refused to abide" his requests for more time. App. Vol.

3

II, 4. Officer Tartar told Timoney that he would make arrangements to allow Timoney to retrieve the rest of his property at a later date, but if he returned before then, he "would be trespassing." *Id.* Timoney also alleged that the municipal Defendants "executed a 'lockout'—even though a required action in ejectment was never filed by the [Sheriff's Sale purchasers]." *Id.*

In reviewing these allegations for sufficiency, the District Court noted that Timoney alleged neither "that Tartar had 'personal involvement' in the Sheriff's sale" nor "that Tartar had personal involvement in the process (or lack thereof) for providing [Timoney] with notice prior to the sale." *Timoney*, 2014 WL 7236029, at *3.

We perceive no error in the District Court's findings. Timoney's claims are founded on the premise that his real estate was sold at a sheriff's sale without notice and an opportunity to be heard. As a temporal matter, it was impossible for Officer Tartar to have committed any constitutional tort regarding the Sheriff's sale as he was called to the scene only after that sale had occurred. Accordingly, the District Court did not err when it held that Timoney failed to state a claim under § 1983 against Officer Tartar. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (requiring a plaintiff to allege each defendant's "personal involvement in the alleged wrongs").

### III

For the reasons stated, we will affirm the orders of the District Court.